**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

\* \* \* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, | CASE NO.:  2:19-cv-1930 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| WRIGHTWAY MECHANICAL, LLC, an Idaho limited liability company; STEVEN WRIGHT, an individual; WESTERN SURETY COMPANY, a South Dakota corporation; DOES & ROES I-X, | |
| Defendants. | |

The Plaintiffs, BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST ("Plaintiff"), by and through its counsel, Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such

COMPLAINT
Case No. 2:19-cv-1930
Page 1

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trust is administered, the signatory labor organization maintains its office, where the relevant acts took place, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES AND GENERAL ALLEGATIONS**

5. The EMPLOYEE PAINTERS' TRUST is an express trust created pursuant to a formal written declaration of trust ("Trust Agreements") between various unions, including the International Union of Painters and Allied Trades District Council No. 5 and its associated Locals ("Union"), and various multiemployer associations.

6. The Trust exists for the specific purpose of providing employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. § 1002.

7. The Board of Trustees and the individual Trustees of the Trust are "named fiduciar[ies]," "plan administrator" and "plan sponsor" and each is an individual "fiduciary,"

COMPLAINT
Case No. 2:19-cv-1930
Page 2

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

within the meaning of 29 U.S.C. §§1102(a), 1002(16) and (21), with respect to collection of contributions due to the Trust Fund and related matters.

8. This Trust was created and now exists pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and is administered in Seattle, Washington.

9. At all times material herein, the Union has been a labor organization representing employees in the construction industry in Washington, Oregon, Alaska, Utah and Northern Idaho. The Union represents employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. Defendant WRIGHTWAY MECHANICAL, LLC ("Wrightway Mechanical") is an Idaho limited liability company authorized and registered to do business in the State of Washington and identified by Washington UBI Number 603 439 207. Wrightway Mechanical holds a glazing/glass specialty Washington State Contractors License No. FACADT*837MQ.

11. Defendant STEVEN WRIGHT ("Wright") is an individual residing in the State of Idaho, but avails himself of the laws of the State of Washington by operating Wrightway Mechanical as a contractor in the State of Washington.

12. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

13. At all times material herein, Wrightway Mechanical has been party and signatory to collective bargaining agreements with the Sheet Metal, Air, Rail and Transportation

COMPLAINT
Case No. 2:19-cv-1930
Page 3

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

Workers, Local Union 55. This CBA requires Wrightway to contribute to the Trust for its covered employees for the purpose of providing health insurance.

14. Each of Wrightway Mechanical's applicable CBAs were signed by Wright.

15. At all times material herein, Wrightway Mechanical has been obligated by the terms of the CBAs to submit monthly reports to the Plaintiff showing the hours worked by its employees performing work covered under the CBA.

16. At all times material herein, Wrightway Mechanical has been obligated by the terms of the CBA to properly pay to the Plaintiff fringe benefit contributions, benefits, dues and/or withholdings, on a monthly basis and at specified rates for each hour worked by or paid to the employees for covered labor performed by the employees.

17. Wrightway Mechanical also agreed to be bound by the terms and provisions of the Trust Agreement that created the Trust. The Trust is a named and intended third-party beneficiaries of the CBA.

18. Wrightway Mechanical is an "employer" as that term is understood and defined in the CBA and is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Wrightway Mechanical is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

19. Wrightway Mechanical is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

20. By signing the CBA, Wrightway Mechanical agreed that the terms and conditions of the CBA would be extended to its covered employees. Thus, coverage of the CBA is defined by job classification and type of work performed.

COMPLAINT
Case No. 2:19-cv-1930
Page 4

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

21. All employees of Wrightway Mechanical are covered by the CBA if they perform covered work, regardless of the employee's personal affiliation or non-affiliation with any union.

22. Defendant Wright is an owner, officer, director, and governor of Wrightway Mechanical.

## FIRST CAUSE OF ACTION

[Breach of Written Labor Agreement & Related Trust Agreements – Wrightway Mechanical]

23. The Plaintiff herein restates and realleges the above allegations as if fully set forth verbatim.

24. By the terms of the CBAs and the Trust Agreement, Wrightway Mechanical was required to remit reports and fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiff for each hour of covered labor performed by its employees. These reports were to be filed monthly with the Trust Fund.

25. Wrightway Mechanical is contractually delinquent because it failed to pay fringe benefit contributions for its reported covered labor.

26. Wrightway Mechanical's failure to pay fringe benefit contributions is a breach of the CBA and the Trust Agreements.

27. Pursuant to the CBA and the Trust Agreement, Wrightway Mechanical agreed that in the event of any delinquency, Wrightway Mechanical would pay, in addition to the delinquent fringe benefit contributions, benefits, dues and/or withholdings, i) interest thereon at the rates established under the applicable collective bargaining or trust agreement, or at the legal rate, whichever is greater; ii) liquidated damages thereon in an amount set by the applicable collective bargaining agreement, trust agreement, or as otherwise provided or by law; and iii) all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

COMPLAINT
Case No. 2:19-cv-1930
Page 5

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

28. Wrightway Mechanical submitted reports to the Trust Funds for August and September 2019 work months showing hours worked by its employees but did not remit payment with those reports. Those reports remain unpaid.

29. It has been necessary for the Plaintiffs to engage the law firms of Christensen James & Martin and The Urban Law Firm to enforce the contractual obligations owed to the Plaintiffs and collect any and all amounts due.

30. Pursuant to the CBA and the Trust Agreement, Wrightway Mechanical owes the Plaintiff fringe benefit contributions, benefits, dues and/or withholdings calculated or measured by all hours of covered labor performed by their employees, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due to the Plaintiff to the date of judgment, liquidated damages, reasonable attorney's fees, court costs, and auditing costs incurred by the Plaintiff as a result of the breaches described herein.

31. Wrightway Mechanical submitted its May through August 2019 reports to the Trust without payment. Its report for September 2019 has not been submitted at all. The total amount owed for contributions is currently $7,979.28. Liquidated damages and interest are also accruing on this amount.

32. In addition to the amounts above, Wrightway Mechanical is also liable to the Trust under the CBA, Trust Agreement, and 29 U.S.C. 1132(g)(2) for the Plaintiffs' attorney's fees and costs incurred, liquidated damages for the unpaid reports that continue to accrue, and interest for the unpaid August and September reports that continues to accrue.

33. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial or through dispositive motion.

/ / /

/ / /

COMPLAINT
Case No. 2:19-cv-1930
Page 6

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

## SECOND CAUSE OF ACTION

[Violation of ERISA - Wrightway Mechanical]

34. The Trust herein restates and realleges the above allegations as if fully set forth verbatim.

35. By failing to report and pay contributions to the Plaintiff in accordance with the CBA and Trust Agreement, Defendants have violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Labor Agreement and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, costs incurred in enforcing the terms of the CBA and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

36. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to its beneficiaries.

37. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

## THIRD CAUSE OF ACTION

[Breach of Written Trust Agreements – Wright and Does & Roes]

38. The Trust herein restates and realleges the above allegations as if fully set forth verbatim.

39. The CBA incorporates the terms of the Trust Agreement governing the Trust.

40. The Trust Agreement for the Employee Painters' Trust contains an express provision imposing personal liability for unpaid contributions and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of

COMPLAINT
Case No. 2:19-cv-1930
Page 7

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

contributions for an employer required to make such contributions.

41. At all times material herein, Defendants Wright and Does and Roes, as Wrightway Mechanical's corporate officers responsible for making payment of contributions to the Plaintiffs, became personally and individually bound and liable to the Employee Painters' Trust pursuant to the express terms of the Trust Agreement governing the Trust, for the contributions and related damages owed to those trust funds by Wrightway Mechanical.

## FOURTH CAUSE OF ACTION

[Demand for Payment from Contractor's License Bond- Western Surety Company]

42. The Trust restates and realleges the above allegations as if fully set forth herein.

43. RCW 18.27.040 requires each contractor in this state to obtain a bond upon being licensed or provide another undertaking equivalent to a bond.

44. Employees and laborers of a contractor are parties protected by the bond.

45. The protection extends not only to wages but also to employee benefits owed to employees or laborers.

46. The Trust is entitled to payment from Wrightway for the unpaid benefit contributions known for the months Wrightway reported without payment and for the unknown amounts for months for which Wrightway has not reported to the Trust.

47. Western Surety Company stands in the place of Wrightway and is a guarantor for the payment of fringe benefit contributions to the Trust.

48. Therefore, Western Surety Company is liable to the Trust to the same extent as is Wrighway.

49. The only limitation to Western Surety Company's liability is that its liability may not be greater than the penal sum of the bond issued, which is Bond No. 62579457.

COMPLAINT
Case No. 2:19-cv-1930
Page 8

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

50. The Trust's demand upon Western Surety Company is for all contributions, liquidated damages, interest, and attorney's fees and costs incurred in connection with Wrightway's delinquency.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order compelling Defendants to abide by the terms of the Labor Agreement;
2. For damages for breach of contract in an amount to be proven at trial;
3. For unpaid fringe benefit contributions in amounts to be proven at trial;
4. For liquidated damages in an amount to be proven at trial;
5. For accrued interest on all unpaid contributions and damages from their due dates until paid;
6. For the Plaintiffs' reasonable attorney's fees;
7. For the Plaintiffs' costs of suit incurred herein;
8. For such additional relief as may be provided for by 29 U.S.C. § 1132;
9. For payment of all amounts owed by Wrightway from the Western Surety Bond; and
10. For such additional relief as this Court may deem just and proper.

DATED this 26th day of November 2019.

CHRISTENSEN JAMES & MARTIN

By: ___/s/ Wesley J. Smith___
Wesley J. Smith, Esq.
WSBA # 51934
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045/(702) 255-1718
F. (425) 462-5638/(702) 255-0871
wes@cjmlv.com
*Counsel for Plaintiffs*

COMPLAINT
Case No. 2:19-cv-1930
Page 9

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

THE URBAN LAW FIRM

By: *s/ Nathan R. Ring*
    Nathan R. Ring, Esq.
    WSBA # 46271
    720 N. 10th Street, A #389
    Renton, WA 98057
    P. (702) 968-8087
    F. (702) 968-8088
    nring@theurbanlawfirm.com
    *Counsel for Plaintiffs*

COMPLAINT
Case No. 2:19-cv-1930
Page 10

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*